## SAM BASS, Respondent, v. PIONEER LIFE INSURANCE COMPANY, a Corporation, Appellant.

Kansas City Court of Appeals, February 7, 1921.

1. **INSURANCE: Health Policy Requiring Assured to be "Regularly Visited at Least Once a Week" by Physician Construed.** Under a policy requiring weekly attendance of a physician upon an assured, where the physician made two calls in person from February 14, 1919, to March 15, 1919, upon assured at his home during his illness, and received telephone calls and personal visits of relatives and friends with reference to his condition, and at such times prescribed for him, such facts were sufficient to meet the terms of a policy of insurance requiring that plaintiff shall be "continuously confined within the house, and therein regularly visited at least once a week."

2. ————: **Contract: Construction should be Reasonable.** An insurance contract should have a reasonable construction, and be viewed in the light of common sense.

Appeal from Pettis Circuit Court.—*Hon. Hopkins B. Shain,* Judge.

AFFIRMED.

*Hoffman & Hoffman,* for respondent.

*A. L. Reeves, R. S. Robertson* and *Marshall Campbell* for appellant.

ARNOLD, J.—This is an action on a policy of health insurance issued to plaintiff herein, December 26, 1916, by the American Life & Accident Insurance Company of Kansas City, Missouri, which company had been taken over by the appellant herein.

Plaintiff was a contractor in the city of Sedalia, in Pettis county, and was insured in that capacity. The

policy promised indemnity for total disability from sickness "at the rate of $30 per month for the number of consecutive days, after the first week, that the insured is necessarily and continuously confined within the house, and therein regularly visited at least once a week by a regularly qualified physician." And attached as a rider to said policy, on the date it was issued, is the following: " 'Special policy agreement indemnity for the first week of illness by the American Life and Accident Insurance Company, Kansas City, Missouri:

"It is hereby agreed that Regular Policy No. 314548, to which this agreement is attached, is extended to provide indemnity for the first week of any illness to which the insured would be entitled to indemnity according to the terms and conditions of said policy in consideration of the extra premium required therefor. This agreement shall not cover illness beginning prior to its date and is not in force until countersigned by the policy writer of the company.", ,

On February 14, 1919, plaintiff became ill from influenza commonly called "flu"—and was seriously ill therefrom and confined to his bed from February 14th to March 15th, a period of 29 days; and from March 15th to 18th, was convalescent.

Suit was instituted in a justice court on April 29, 1919, upon a statement, and judgment was rendered in favor of plaintiff for the sum of $30.50, on May 10, 1919. Thereupon, and within due time, defendant company appealed to the circuit court of Pettis county. The trial in said court resulted in a verdict for plaintiff in the sum of $30.50, on February 20, 1920, and defendant brought the case here by appeal.

When plaintiff's illness came upon him, he was confined to his home and bed from February 14 to March 15, 1919, and from March 15 to 18, he was able to be out of his home and bed, but was unable to work.

There was no testimony introduced on behalf of defendant. The testimony of plaintiff tends to prove that during the period from February 14 to March 15, plain-

tiff's family physician called upon plaintiff at his home only upon two occasions, and that the said physician received telephone calls, and personal visits, from relatives and neighbors upon several occasions during said period and that said physician advised, and prescribed for plaintiff upon such personal visits and telephone calls, and that he considered plaintiff under his professional care, during said period of illness. The testimony further shows that at least once during the period of his convalescence, plaintiff called at the office of said physician. This physician was one Doctor Staats, and there is no contention on the part of defendant that he was not "a regularly qualified physician" within the meaning and intent of the policy.

Defendant contends that the two calls in person made by the physician at the home of plaintiff, and the telephone calls and personal visits of relatives and friends, to the physician and the prescriptions of the physician, do not meet the terms of the policy requiring that plaintiff shall be "continously confined within the house, and therein regularly visited at least once a week."

Obviously, the meaning of the clause is that the physician must be weekly in attendance upon the assured. The physician called at plaintiff's house on February 14, 1919, saw him in person, diagnosed his case and, thereafter, during the period of his illness, prescribed for him and insured was under his professional care. To hold otherwise would be to make such a policy of insurance of very little value. We think the contract should have a reasonable construction and be viewed in the light of common sense. This court, has heretofore applied this principle of law in Ramsey v. Insurance Company, 160 Mo. App. 236, in an opinion by ELLISON, J.

In assignments of error defendant complains that the trial court erred in refusing to give defendant's instruction in the nature of a demurrer to the evidence. In the light of the testimony, we are of opinion that no error was committed in refusing to give this instruction. The court, of its own motion, instructed the jury "that if you

find and believe from the evidence that the plaintiff on account of his illness was necessarily confined to his room for a period of 29 days by reason of total disability resulting from his illness and that he was during said period under the regular care of a physician, then your finding must be for plaintiff at the rate of $1 per day for said period and if the jury further find plaintiff was partially disabled from said illness for a further period of three days after aforesaid confinement, if any, then your finding should be for the plaintiff at the rate of 50 cents per day for said period."

We find no error in this instruction, nor in instructions 1, 2 and 3 given by the court. The court properly refused defendant's proffered instructions numbered 6 and 7. As to instruction numbered 5, given on the court's own motion, it clearly follows the law and was properly given.

For the reasons herein stated, the judgment is affirmed.

All concur.